IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamarv Paremore Hammond, #112950, *a/k/a Jamarv P. Hammond, #265009*, <br><br>          Plaintiff, <br><br>vs. <br><br>Sheriff L.C. Knight, <br>Major R. Darlington, <br>Lieutenant Burns, <br>Sergeant Christopher Coons, <br>Corporal Cooper, <br>Corporal Julius Bean, <br>          Defendants. | C/A No. 4:20-cv-3113-JFA-TER <br><br><br><br>**ORDER** |

## I. INTRODUCTION

The *pro se* plaintiff, Jamarv Hammond, a pretrial detainee, brings this civil rights action pursuant to 28 U.S.C. § 1915; § 1915A. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

Plaintiff filed his complaint on August 31, 2020. (ECF No. 1). By order dated September 15, 2020, the Magistrate Judge provided Plaintiff the opportunity to file an amended complaint to correct deficiencies identified by the court which would warrant summary dismissal pursuant to § 1915 and § 1915A. (ECF No. 9). Plaintiff failed to file an amended complaint but did file a letter entitled "response to proper form order." (ECF No. 12).

After reviewing the complaint and specifically advising Plaintiff of deficiencies in his pleadings, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 21). Within the Report, the Magistrate Judge opines that Defendants Darlington and Knight are subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. *Id.* Thus, the Report recommends that these Defendants be summarily dismissed with prejudice and without issuance and service of process. In a separate order, the court authorized the issuance and service of process on the remaining Defendants. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on November 18, 2020. *Id.* Hammond filed objections to the Report on December 7, 2020. (ECF No. 26). Thus, this matter is ripe for review.

## II.    LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).  The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis

added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## III.  DISCUSSION

Within the Report, the Magistrate Judge concludes that Hammond has failed to state a claim for supervisor liability under § 1983 as to Defendants Darlington and Knight. Within his objections, Hammond appears to contend that the Magistrate Judge erred by not incorporating his letter in response to the proper form order as a supplement to his complaint. (ECF No. 26, p. 4) ("the Plaintiff hereby petitions for ECF No. 12 to be attached and reviewed with this current pleading"). However, a review of the Report indicates that the Magistrate Judge did consider the letter in determining whether Plaintiff had failed to state a claim as to supervisor liability. (ECF No. 21, p. 3)("In Plaintiff's letter in response to the order and not in his pleading, Plaintiff alleges there is a culture of malicious indifference by these defendants."). Accordingly, Plaintiff's objection as to the incorporation of his letter is without merit and points to no error in the Report.

Additionally, Plaintiff avers that the Magistrate Judge's concerns with Plaintiff's failure to allege supervisor liability were "squarely addressed by the Plaintiff within ECF No. 12" and therefore the Magistrate Judge erred in concluding that Plaintiff has failed to state a claim as to Defendants Knight and Darlington. A review of the complaint and letter indicate that the Magistrate Judge correctly concluded that, even when liberally construed, Plaintiff has still failed to state a claim for supervisor liability. Plaintiff's bare allegations of a "culture of malicious indifference based upon actual and constructive knowledge" are insufficient to state a claim. (ECF No. 12). Plaintiff offers no factual allegations to support

these vague legal conclusions. Accordingly, these pleadings lack personal allegations against Defendants Knight and Darlington. Additionally, Plaintiff avers that he has been unable to access documents or materials that would help him prove such a claim. However, at this stage in the proceedings, Plaintiff does not need access to evidentiary support to properly state a claim. Accordingly, Plaintiff's objections fail to show any error in the Report which would warrant any correction.

### IV.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report (ECF No. 21). Thus, Plaintiff's claims against Defendants Darlington and Knight are dismissed *with prejudice* and without issuance and service of process because Plaintiff has failed to cure the deficiencies previously identified by the court. Consequently, Defendants Darlington and Knight are terminated from this action.

Further, this action is recommitted back to the Magistrate Judge for further proceedings on the remaining claims.

IT IS SO ORDERED.

December 8, 2020                     Joseph F. Anderson, Jr.
Columbia, South Carolina             United States District Judge