IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamarv Paremore Hammond, #112950, *a/k/a Jamarv P. Hammond, #265009*,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Sheriff L.C. Knight,<br>Major R. Darlington,<br>Lieutenant Burns,<br>Sergeant Christopher Coons,<br>Corporal Cooper,<br>Corporal Julius Bean,<br>　　　　　　　　　　　Defendants. | C/A No. 4:20-cv-3113-JFA-TER<br><br>**ORDER** |

This matter is back before the court on remand from the Fourth Circuit Court of Appeals for the limited purpose of determining whether Hammond is entitled to a reopening of the appeal period pursuant to Fed. R. App. P. 4(a)(6).

The facts relevant to this limited remand are succinctly stated in the Fourth Circuit's order:

> In [this case], the district court accepted the magistrate judge's recommendation and awarded summary judgment to the defendants in an order entered on November 29, 2021. … Hammond noted an appeal in each case on January 11, 2022. Thus, in each case, Hammond's appeal was filed after the 30-day appeal period expired. Hammond stated in each notice of appeal, however, that he did not receive the district court's final order until January 6, 2022.

Consequently, the Fourth Circuit construed these notices of appeal as motions to reopen the appeal period and remanded for consideration of this motion in the first instance.

1

Parties have 30 days after the entry of the district court's final judgment or order to note an appeal in a civil case, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). A district court may reopen the appeal period under Rule 4(a)(6) if (1) the party moving for reopening did not receive notice of the entry of the judgment or order sought to be appealed within 21 days after entry; (2) the motion to reopen is filed within 180 days after the entry of the judgment or order, or within 14 days after receiving notice of such entry, whichever is earlier; and (3) a reopening would not prejudice any party.

In the instant action, Hammond filed his notice of appeal (now construed as a motion to reopen the appeal) (ECF No. 85) 43 days after the entry of judgment (ECF No. 75) and within 5 days of his alleged receipt of that judgment. (ECF No. 85). Additionally, Hammond explains the delay in receiving this judgment by averring that he had three changes in address since October 2021.

A review of the docket confirms that the judgment was returned to the court as undeliverable on January 14, 2022. (ECF No. 82). Further, Hammond provided a notice of change in address to his current location on December 13, 2021. (ECF No. 78). Additionally, Hammond previously contended that he was transferred to a facility in Atlanta for a period of time prior to his current place of incarceration. (ECF No. 80). Thus, Plaintiff's contention that his receipt of the judgment was delayed by several transfers is supported by the record.

Lastly, there is no indication that the 43-day delay between the entry of judgment and motion to reopen the appeal period would cause any prejudice to the defendants. Thus,

Hammond is entitled to a reopening of the appeal period pursuant to Rule 4(a)(6). Accordingly, this matter is returned to the Fourth Circuit for further consideration.

IT IS SO ORDERED.

July 27, 2022
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge